UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELINDA MORALES,

    Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC,

    Defendants.

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, MELINDA MORALES (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Orange County in the State of Florida; Experian transacts business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to her.

14. Upon information and belief, Plaintiff is a victim of a mixed file.

15. In or about October 2023, Plaintiff's current vehicle needed a new transmission, and she decided to shop for a new car. Accordingly, Plaintiff visited two (2) different car dealerships to purchase a new car. To obtain a car loan, the dealerships needed to run Plaintiff's credit. To her surprise, both dealerships told Plaintiff she did not qualify for a loan due to another car loan with Exeter Finance LLC listed in her credit file. Plaintiff did not have a car loan with Exeter Finance LLC.

16. Shortly thereafter, Plaintiff contacted Exeter Finance LLC for information about the erroneous account, but the representative would not provide anything to Plaintiff because she did not have an account number.

17. Plaintiff tried to file a police report but was told there was nothing they could do because it was a civil matter.

18. Not knowing what else to do, Plaintiff used the money she saved for a down payment on a new car to fix the transmission in her current car.

19. On or about August 14, 2024, Plaintiff obtained a copy of her Experian credit report. Upon review, Plaintiff observed the name "Melissa Morales", an address in New Jersey, and an employer "Goder Parts" all of which were inaccurate and did not belong to her. Further, Plaintiff observed a hard inquiry and the following erroneous accounts which did not belong to her.

    i.    CB Indigo, partial account number 534348*, with a status of current and balance of $557;

    ii.    Citicard, partial account number 541418*, with a status of closed/charged off and balance of $198;

    iii.    Credit One, partial account number 444796*, with a status of current and balance of $484;

    iv.    Exeter Finance, partial account number 680681*, with a status of current and balance of $9,358; and

    v.    LVNV on behalf of TBOM, partial account number 405731*, with a status of collections and balance of $582.

20. The cumulative high balance of the erroneous accounts negatively affected Plaintiff's debt-to-income ratio.

21. Plaintiff had not made payments to any of the above referenced accounts as none of those accounts belonged to Plaintiff.

22. On or about August 15, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 176206111. In this report, she explained that the aforementioned accounts listed in her credit report did not belong to her.

23. Due to the inaccurate reporting, on or about August 29, 2024, Plaintiff mailed a detailed dispute letter to Experian. In the letter, Plaintiff requested a copy

of her credit report. Further, Plaintiff advised she was a victim of identity theft or a mixed file and that there was personal identifying information in her credit file which was incorrect and did not belong to her. Additionally, Plaintiff explained that the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license, Social Security card, and recent utility bill in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

24. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail, tracking number 9589 0710 5270 1787 9225 20.

25. On or about September 6, 2024, Plaintiff received a response from Experian which requested proof of identification despite Plaintiff having provided a copy of her current driver's license, Social Security card, and utility bill in her detailed dispute letter.

26. On or about September 29, 2024, Plaintiff received dispute results from Experian which stated all the erroneous accounts were deleted.

27. On or about October 3, 2024, Plaintiff obtained an updated copy of her Experian credit report. To her relief, the erroneous accounts were no longer reported.

28. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

29. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

31. Experian allowed for numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

32. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

33. Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

34. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

35. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

36. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MELINDA MORALES, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

38. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

39. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40. Experian allowed for numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

41. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

9

42. Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

43. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

44. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

45. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

46. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MELINDA MORALES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELINDA MORALES, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 15th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC

501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*